PER CURIAM:
Claimant is the owner of property located in Worthington, Marion County, West Virginia. Claimant alleges that as the result of a stopped-up culvert under Route 218, his home has been flooded on numerous occasions. The stoppage is on the outlet end of the culvert, which is on the east side of Route 218. Claimant’s property is located on the west side. He seeks damages of $2,640.00. Claimant testified that he reported the condition to respondent on several occasions since 1979, but the culvert was not cleaned until early 1983. There is also a four-inch pipe running from under claimant’s house to the culvert which is partially blocked. Claimant testified that his pipe “probably backed in up there approximately the same time,” as the culvert.
Duane Allen Miller, general foreman in Marion County, testified that the culvert was cleaned in February or March 1983. At that time, he stated, the culvert needed to be cleaned. He had no knowledge as to the last time the culvert was cleared of debris.
It is apparent to the Court that the clogged condition of the culvert resulted in damage to claimant’s property and that the respondent was negligent in failing to clean the culvert. However, the Court has concluded that claimant’s failure to clear the pipe under his property has also contributed to his damages, and apportions his degree of negligence at 10%. Watts v. Department of Highways, 13 Ct.CL. 302 (1980).
As to damages, an estimate for the replacement cost of the furnace, in the amount of $1,500.00, was presented. The evidence as to other damages was too vague and uncertain as to amount, date of loss, etc., to be considered. The Court grants an award of $1,500.00, less 10% to reflect comparative negligence, or $1,350.00.
Award of $1,350.00.